UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SMITH, et al., )<br>)<br>Defendants. ) | No. 2:24-cv-00354-JPH-MJD |

**ORDER SCREENING COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff James E. Phillips is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("WVCF"). He filed this action alleging violations of his civil rights. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Plaintiff's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).  The complaint names two WVCF defendants: Sergeant K. Padgett and Officer Smith.  Dkt. 1 at 1.  On April 15, 2024, Plaintiff was left abandoned in the shower long after he had finished washing.  *Id.* at 3.  He was forced to urinate and defecate in the shower.  *Id.*  He asked both Sergeant K. Padgett and Officer Smith to allow him to take a second shower, and they denied his request.  *Id.* at 3–4.  He seeks monetary damages and injunctive relief.  *Id.* at 5.

## III. Discussion of Claims

This action is brought pursuant to 42 U.S.C. § 1983.  Section 1983 "provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law." *Torres v. Madrid*, 592 U.S. 306, 310 (2021).  "The first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  In this case, it is the Eighth Amendment.  The Eighth Amendment requires prison officials to provide humane conditions of confinement.  To establish a violation of this requirement, two things must be shown: first, that the conditions are objectively sufficiently serious—*i.e.*, that they deny the

inmate the minimal civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety—and second, a subjective showing of a defendant's culpable state of mind. *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017). Adequate facilities to wash and use the toilet are among the minimal civilized measures of life's necessities. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Plaintiff's claims against Sergeant K. Padgett and Officer Smith **shall proceed** as Eighth Amendment conditions-of-confinement claims. *See May v. Knight*, No. 1:20-cv-01792-JMS-DML, 2022 WL 2802396, at *2–3 (S.D. Ind. July 18, 2022) (denying summary judgment to CIF prison officials regarding Eighth Amendment conditions of confinement claim based on inadequacy of restroom facilities and inmate having to relieve himself in his cell).

Any official-capacity claims against Sergeant K. Padgett and Officer Smith are **dismissed** for failure to state a claim upon which relief can be granted. Official-capacity claims proceed as claims against the entity of which the individual defendants are agents. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). A claim against the Indiana Department of Correction is in essence a claim against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. *See id.* at 167, 167 n.14 (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (the state is not a "person"

that can be sued under 42 U.S.C. § 1983). Accordingly, the claims against Sgt. K. Padgett and Officer Smith shall proceed in their individual capacities only.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through January 3, 2025,** in which to file a motion to reconsider the screening order.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sergeant K. Padgett and Officer Smith in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 12/4/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Electronic service to Indiana Department of Correction:
    Officer Smith
    Sergeant K. Padgett
    (Both at Wabash Valley Correctional Facility)